UNION PAC. RY. CO. *v.* LEAVENWORTH, N. & S. RY. CO. (In Equity.)

LEAVENWORTH, N. & S. RY. CO. *v.* UNION PAC. RY. CO. (At Law.)

*(Circuit Cour', D. Kansas. February 4, 1887.)*

1. RAILROAD COMPANIES—EMINENT DOMAIN—CROSSING OF RIGHT OF WAY—LAWS OF KANSAS—PACIFIC RAILWAY ACT U. S. 1862, § 15.

Section 15 of the Pacific Railway act of July 1, 1862, incorporating the Union Pacific Railway, and providing "that any other railroads now incorporated, or hereafter to be incorporated, shall have the right to connect their road with the road and branches provided for by this act, at such places and upon such just and equitable terms as the president of the United States may prescribe," does not place the right of way of the Union Pacific Railway beyond the reach of the power of eminent domain of the state of Kansas, nor exempt it from the operation of the laws of the state respecting the crossing and connecting of railroads, and the condemnation of property for these purposes; following *Union Pac. Ry. Co.* v. *Burlington & M. R. R. Co.*, 1 McCrary, 452; S. C. 3 Fed. Rep. 106.

2. SAME—CONDEMNING CROSSING OVER ANOTHER RAILROAD—SPECIAL PROCEEDING—PLEADING—COMP. LAWS KAN. 1879, CH. 23, § 47.

A proceeding instituted under section 47, Comp. Laws Kan. 1879, c. 23, in the district court, by one railroad company to condemn a crossing over the right of way of another railroad, is not a civil action, but a special proceeding, and, as such, the ordinary rules of pleading do not apply.

3. SAME—SELECTION OF COMMISSIONERS.

In a proceeding begun by one railroad company to have commissioners appointed to ascertain the compensation to be paid to another railroad company for crossing the latter's right of way, and the points and manner of such crossing, the defendant should be heard in the selection of such commissioners, although their action is not final, but subject to review by the court.

4. SAME—RAILROAD MEN.

The duties imposed upon such commissioners are beyond the mere valuation of property, and some, at least, of their number should be railroad men.

5. SAME—POINT OF CROSSING—DUTY OF COMMISSIONERS.

The demand by the petitioners for a crossing at a particular point is not conclusive, and does not limit the inquiry. It is the duty of the commissioners to determine the points and the manner of crossing, as well as the amount of compensation.

In Equity.

*J. P. Usher*, for Union Pac. Ry. Co.

*E. Stillings* and *L. Baker*, for Leavenworth, N. & S. Ry. Co.

BREWER, J. There are two cases pending between these parties. The first is a bill filed by the Union Pacific Railway Company to restrain the Leavenworth, Northern & Southern Railway Company from crossing its right of way. A preliminary injunction is asked. The question presented is whether the complainant's right of way is beyond the reach of the state's power of eminent domain; for that the defendant does not propose any forcible entrance upon the complainant's right of way, but seeks, by proceedings under the statute of the state, to acquire a legal right to cross, is clear.

The question presented can hardly be considered an open one in this court; for it was decided adversely to complainant by my predecessor in the case of *Union Pac. Ry. Co.* v. *Burlington & M. R. R. Co.*, 1 McCrary, 452; S. C. 3 Fed. Rep. 106. See, also, the case of *Northern Pac. R. Co.* v. *St. Paul, M. & M. Ry. Co.*, 1 McCrary, 302, S. C. 3 Fed. Rep. 702, in which a similar decision was made by Judge NELSON in Minnesota; also the case of *U. S.* v. *Railroad Bridge Co.*, 6 McLean, 517.

A rule of property thus announced should not be set aside by the same court in after years, unless the ruling was clearly erroneous. It is true that the precise reason now advanced by counsel may not have been presented to or considered by Judge McCRARY; at least, no reference is made to it in his opinion. It may have been presented, and deemed by him of not sufficient importance to require special mention. That reason is found in the fifteenth section of the Pacific Railroad act of July 1, 1862, which reads:

"And be it further enacted that any other railroad company now incorporated, or hereafter to be incorporated, shall have the right to connect their road with the road and branches provided for by this act, at such places, and upon such just and equitable terms, as the president of the United States may prescribe."

The argument, briefly stated, is that one road cannot cross the track of another without connecting the two roads; that congress has legislated upon the subject of connection with complainant's road; and that, where congress has legislated on a matter within its jurisdiction, such legislation excludes and supersedes all state action. Even if it were conceded that congress had the power to enter the territory of a state, and, for any purpose, establish a line through its center over which the state had no right of crossing,—a sort of Chinese wall, dividing the state into two

portions, inaccessible to each other, a concession I should never be willing to make,—it is clear to my mind that no assertion of such a power was ever contemplated by congress in the Pacific Railroad legislation. The most that can be claimed under the section quoted is that congress intended that no road should be prevented by state legislation from making a connection with the Pacific Railroads, if, in the judgment of the president, the necessities of the general government required such connection. It would be a strained and unnatural construction to hold that retaining the right to establish a connection carried with it an implied denial of the power of the state to authorize a crossing. I think, therefore, that this reason is insufficient to sustain the claim of complainant, and I fully concur with my predecessor in the views expressed by him on the general question in the opinion heretofore referred to. The application for a preliminary injunction will be denied.

The other case is one instituted by the Leavenworth, Northern & Southern Railway Company, under the statutes of the state, in the district court of Wyandotte county, to condemn a crossing over the right of way of the Union Pacific Railway Company. The case, thus commenced in the state, was by the latter company removed to this court. A motion to remand was made by the former company, and last week overruled by Judge FOSTER. I shall not review this ruling, but accept it, for the purposes of this case, as correct. And yet I may be pardoned for adding, in view of what was said by counsel on the argument, that if this ruling is to be considered as an affirmation that the case at bar is within the limits of the stipulation of April 13, 1885, in the case of *State* v. *Kansas Pac. Ry. Co.*, in this court, and that such stipulation is only binding upon the conscience, and may not be enforced in the courts, I am not prepared to assent to it. Two years ago this company proposed to the state, in settlement of pending litigation, to stipulate not to remove certain cases from the courts of the state to this court. That proposition was accepted, and the litigation terminated. Now, while I am aware of the decision that a corporation having the right of removal to the federal court cannot be compelled to abandon that right as a condition of doing business in the state, yet there are many legal rights which a party may voluntarily surrender; and I am not prepared to hold that, when a party voluntarily and for good consideration enters into a solemn contract with a state that it will waive its right of removal of its causes from the courts of the state, a citizen of that state may not enforce such contract. There may be something more than a question of good faith and morals in this; there may be some matter of legal right. I do not pretend to decide the matter, but simply desire to give notice that, so far as I am concerned, that question is still open.

Passing now to the merits of the case: Defendant has filed a motion to set aside the appointment of commissioners, on the ground that such appointment was made without notice to it, and also for leave to file answer to the petition, and that time be given therefor in accordance with the Code of Civil Procedure, to-wit, 20 days. The proceeding was

instituted under the fifth paragraph of section 47, *c.* 23, Comp. Laws 1879, which, after authorizing the crossing by one road of the tracks of another, reads:

"And if the two corporations cannot agree upon the amount of compensation to be made therefor, or the points and manner of such crossings and connections, the same shall be ascertained and determined by three commissioners, to be appointed by the district court of the county in which such crossing or connection is proposed to be made."

Now, without discussing the various suggestions and arguments which have been made in respect to these motions, I will state briefly my conclusions:

1. The proceeding is not a civil action, as defined in the Code, but a special proceeding. As such, the ordinary rules of pleading do not apply. It is intended to be summary and speedy. In ordinary condemnation proceedings to take private property, there is a preliminary inquest by the county commissioners, or a specially appointed board, from which an appeal as to the amount of compensation may be taken to the district court. Even in such cases possession of the property may be taken by the railroad company pending the appeal. Here there is no such preliminary inquest. The proceedings are initiated in the district court. As the property over which the right of way is sought is already devoted to public use, the extra protection of a second inquiry is deemed unnecessary. But, although initiated in the district court, the proceeding is none the less a special one, and, as delay may work great injury, it should be as speedy as is consistent with full protection. It does not become one corporation, which has itself invoked the state's power of eminent domain, to be captious and technical in seeking to restrain another from the exercise of the same power.

2. Though a special it is a judicial proceeding, and a vital element of judicial proceedings is notice to the party against whom a right is asserted before a final determination of that right. While the action of the commissioners is undoubtedly not final, but subject to review by the court, yet their functions are so important that it is no more than fair that the defendant be heard upon the question of the proper persons to be appointed. I do not mean to affirm that a failure to notify the defendant prior to their appointment renders the whole proceeding null and void, providing due notice of the time and place of their meeting and action be given. Whether it does or not, justice requires that defendant be given an opportunity of being heard in their selection, as in the selection of jurors in an ordinary action at law.

3. The duties imposed upon such commissioners are beyond the mere valuation of property, and therefore some, at least, of their number should have experience as railroad men.

4. The notice served upon the plaintiff was sufficient to justify the commencement of this proceeding.

5. Although the petitioner may demand a crossing at a particular point, such demand is not conclusive, and does not limit the inquiry, but it is the duty of the commissioners to determine the point and

manner of crossing, as well as the amount of compensation, having due regard to the interests of both roads, as well as those of the public.

6. As in its bill in equity the complainant avers the legal existence of the defendant corporation, such legal existence will be assumed, unless proof to the contrary is offered.

The motion, therefore, of defendant, for leave to answer in 20 days, will be overruled, without prejudice to its right to present any defenses to this proceeding at the time named for the appointment of commissioners. The motion to set aside the appointment of commissioners heretofore made will be sustained, and on Wednesday next, February 9th, at 2 o'clock, at my chambers in Leavenworth, I will proceed to appoint new commissioners, at which time and place I will hear such suggestions as either party may have to offer in respect to the proper parties to be appointed.