Northern Pacific Railway Co. v. Carlos N. Boynton, C. C. Sampson, William E. Frazer, William Krszeszewski and Everette L. Gilbert.

Opinion filed March 3, 1908.

**Eminent Domain — Objects for Exercise of the Right — Pleading.**

1. A complaint in an action by a railway company to condemn certain property as a site for a reservoir for the collection and storage of surface water for use in its engines sufficiently alleges a cause of action if it sets forth the ultimate facts that the property sought to be condemned is necessary for the purpose of obtaining water required in the operation of its trains.

**Same — Public Use.**

2. Private property cannot be taken under the power of eminent domain except for a public use, but under the law of this state the use of property reasonably necessary for the construction, maintenance or operation of a railroad is a public use.

**Same — Pleadings — Conclusions of Law.**

3. Ultimate facts are all that is requisite or proper to plead, and hence a complaint in an action by a railway corporation to condemn property is sufficient if it alleges that the use thereof is necessary to its construction, maintenance or operation, without alleging in terms that such desired use is a public use. Such latter allegation would constitute a mere conclusion of law.

**Same — Evidence.**

4. Evidence examined, and *held* sufficient to sustain the allegations of the complaint as to the necessity for the use of the property and the whole thereof sought to be condemned.

**Same — Description of Easement.**

5. The description of the easement sought to be condemned for the construction of a pipe line is *held* sufficiently definite and certain.

Appeal from District Court, Burleigh county; *Burke,* Special J.

Condemnation proceedings by the Northern Pacific Railway Company against |William Krszeszewski and others. From a judgment condemning certain property and an order denying a new trial, defendants appeal.

Affirmed.

*Andrew Miller* and *A. T. Patterson,* for appellants.

There is a difference in taking for operation of franchise, and for carrying on business of the road. Avery v. Vermont Electric Co., 59 L. R. A. 817; In re Condemnation Suburban Railway, 52 L. R. A. 879.

State can condemn for public use alone. Brown v. Gerald, 70 L. R. A. 472; Kane v. Baltimore, 15 Md. 240; Van Witzen v. Gutman, 79 Md. 405; Townsend v. Epstein, 93 Md. 537; Arnsperger v. Crawford, 70 L. R. A. 497; Minn. Canal & Power Co. v. Koochiching Co., 107 N. W. 405.

Railway is not limited to any locality for water supply. In re Suburban Ry Co., supra.

The use must be clearly needful to the public. Varner v. Martin, 21 W. Va. 548; State v. White River P. Co., 2 (N. S.) L. R. A. 842; F. R. B. Cemetery Ass'n v. Redd, 33 W. Va. 262; Minn. Canal & Power Co. v. Koochiching Co., supra; Dodge v. Mission Township, 54 L. R. A. 242.

There must be a finding of public necessity. Grand Rapids N. & L. S. Ry. Co. v. Vandrial, et al., 24 Mich. 409; McClary v. Hartwell, 25 Mich. 139.

*Ball, Watson & Young* and *Newton & Dullam,* for respondent.

Eminent domain statutes should be liberally construed. Bigelow v. Draper, 6 N. D. 152, 69 N. W. 570; Petersburg v. Peterson, 14 N. D. 344, 104 N. W. 518; Fallbrook v. Bradley, 164 U. S. 112; Clark v. Nash, 198 U. S. 361; State v. Centralia, etc., 85 Pac. 344; Rockinham v. Hobbs, 58 Atl. 46; Strickley v. Highland, etc., 200 U. S. 527.

Legislative determination of public use is final. 10 Enc. Law, 1066; Bankhead v. Brown, 25 Iowa, 540; Hazen v. Essex Co., 12 Cush. 477.

FISK, J.   Plaintiff recovered a judgment in the court below condemning certain real property to its use for alleged railway purposes. From such judgment and from an order denying a motion for a new trial, this appeal is prosecuted.

The purpose for which said property is sought by the railway company, as alleged in its complaint, is to construct a reservoir for the collection and storage of surface water for use in operating its engines, and for the purpose of laying a pipe line therefrom to its railway track at Sterling. A mere easement for the latter purpose is all that is prayed for. The necessity for such use is duly alleged in the complaint. Defendants deny the existence of such necessity, and they contend that the facts alleged and proven do not entitle plaintiff to the relief demanded.

After the first witness was sworn, and before any testimony was offered, defendants objected to the introduction of any evidence, for the reason, as stated, that the complaint shows on its face

that the court has no jurisdiction of the subject matter, because: (1) The complaint shows on its face that the action is one for condemnation under the law of eminent domain, and that the use for which said premises are contemplated is the private convenience of the plaintiff. (2) The complaint fails to allege that the plaintiff is unable to obtain sufficient water to operate its line at other places. (3) Said complaint fails to state that there is any necessity for said condemnation. (4) Said complaint fails to allege that the condemnation prayed for is for the use or benefit of the public. (5) Said complaint fails to allege that, by condemning the premises sought to be condemned, the plaintiff will be enabled to obtain sufficient water to operate its line of road. (6) Said complaint fails to allege that the premises for which condemnation is prayed are reasonably necessary for the convenience of the public and the operation of its line of road. (7) Said complaint fails to allege that the public will be in any manner benefited by said condemnation. (8) The proceedings contemplated are in violation of the rights of private ownership of property, contrary to public policy, and in violation of section 14 of the constitution of the state, and in violation of the provisions of article 5 of the amendments to the constitution of the United States.

Such objection was overruled, and at the close of plaintiff's evidence defendants moved to dismiss the action on the following grounds: (1) That the evidence introduced fails to establish the public necessity for the condemnation of the premises described in the complaint, or any portion thereof. (2) The evidence fails to show a public necessity for the condemnation of all the premises described and sought to be condemned in this action. (3) The evidence affirmatively shows that no sufficient public necessity exists to warrant the condemnation of the premises or any part thereof. (4) The evidence fails to show that the general public will receive any material benefit from the proposed condemnation. (5) The evidence shows that the object of the proposed condemnation is wholly for the private convenience and profit of the plaintiff. (6) The evidence and the allegations of the complaint are too vague and indefinite, especially in regard to the proposed easement for a pipe line mentioned in the evidence for the court to properly adjudge the condemnation asked. This motion was also overruled, as was a similar motion made at the close of all the evidence. A verdict having been returned in plaintiff's favor, and judg-

ment entered pursuant thereto, a motion for a new trial based upon substantially the same grounds urged in support of the foregoing objection and motion was made and denied, and the same grounds are urged in this court for a reversal of the judgment and order appealed from. These alleged errors will be disposed of in the order in which they are argued in appellants' brief.

The first contention is that the trial court erred in overruling the first, fourth, sixth and eighth grounds of defendants' objection to the jurisdiction of the court. It is argued by appellants' counsel that the complaint fails to allege that the property is sought to be taken for a public use, but that it discloses, on the contrary, that the use to which the property is sought to be subjected is a mere private use, namely, the private convenience of plaintiff in obtaining a supply of water at said station for its engines. The general propositions of law advanced by appellants' counsel, that private property cannot be taken for other than public uses, and that the complaint must allege the necessity for the taking and that it is intended for a public use, are undoubtedly sound, and it only remains to apply such well-settled rules to the case before us. Is the use to which the property is sought to be applied a public use? If so, the foundation of appellants' argument necessarily falls and with it the superstructure which he has reared. We think section 7575, Rev. Codes 1905, furnishes a complete answer to the above question. This section provides: "Subject to the provisions of this chapter, the right of eminent domain may be exercised in behalf of the following public uses: * * * (4) Wharfs, docks, piers, chutes, booms, ferries, bridges, toll roads, by-roads, plank and turnpike roads, railroads. * * *" Here is an express legislative declaration that the taking of property for a railroad purpose is the taking for a public use. What better authority can be produced? Again, section 4266, Rev. Codes 1905, provides: "Every corporation formed under this article, and every railroad corporation authorized to construct, operate or maintain a railroad within this state shall have * * * the following powers: * * * (3) To acquire under the provisions of the chapter on eminent domain or by purchase all such real estate and other property as may be necessary for the construction, maintenance and operation of its railroads, and the station, depot grounds and other accommodations reasonably necessary to accomplish the object of its incorporation. * * * (4) To lay out its road, not exceeding 100 feet in width

and to construct the same; and for the purpose of cuttings and embankments and of obtaining gravel and other material to take as much land as may be necessary for the proper construction, operation and security of the road. * * *" Here express legislative authority is given to railroad corporations authorized to construct, operate or maintain railroads in this state to acquire under the provisions of the chapter on eminent domain all such property as may be necessary for the construction, maintenance and operation of such railroads. This is in effect another declaration that property necessary for the construction, maintenance, or operation of a railroad is property necessary for a public use, as section 7574, Rev. Codes 1905, provides that eminent domain is the right to take private property for public use. It is therefore manifest that the allegation in the complaint that the property sought to be condemned is reasonably necessary for the operation of plaintiff's railroad is equivalent to an allegation that the same is reasonably necessary for a public use. The latter allegation, if pleaded, would amount merely to a conclusion of law. Ultimate facts are all that are requisite or proper to plead. Tested by the foregoing rules, the complaint is amply sufficient, and the objection thereto was properly overruled. We do not think that the authorities cited by appellants' counsel support his contention in this case. These authorities are: Brown v. Gerald, 100 Me. 351, 61 Atl. 785, 70 L. R. A. 472, 109 Am. St. Rep. 526; Avery v. Electric Co., 75 Vt. 235, 54 Atl. 179, 59 L. R. A. 826, 98 Am. St. Rep. 818; In re Suburban Ry. Co., 22 R. I. 457, 48 Atl. 591, 52 L. R. A. 879; Eldridge v. Smith, 34 Vt. 848; Minn. Canal & Power Co. v. Koochiching Co., 97 Minn. 429, 107 N. W. 405. Without a full analysis of these cases, it is sufficient to say they merely recognize the general rule that the use for which property may be condemned must be a public as distinguished from a private use, and that it is beyond the power of the legislature to authorize a taking for the latter use. Of course, if the property sought to be condemned is not reasonably necessary to the operation of plaintiff's railroad, no public use is disclosed, but, if it is reasonably necessary for such purpose, it is plain, under our statute, that the taking therefor would constitute a public use. It is true the mere legislative fiat cannot make that a public use which is clearly not such use, but such a statute will be given effect unless the proposed use is clearly a private use. Legislative declaration that railroad corporations may ac-

quire through eminent domain proceedings such property as may be necessary for the carrying out of their corporate business must be upheld unless it manifestly appears that the proposed use is not a public use. The courts will carefully scrutinize the proposed use, even when expressly authorized by statute, and will refuse to condemn property for any other than a public use.

It is next contended that the trial court committed error in overruling the first five grounds urged for a dismissal of the action. By these grounds of the motion the sufficiency of the evidence as to the necessity for the condemnation of the property and that it is sought to be taken for a public use is called in question. The gist of appellants' contention in this respect is that the evidence shows that the taking is sought solely for the private convenience of plaintiff. An examination of the testimony has convinced us of the fallacy of such contention. Without reviewing the evidence in detail, it is sufficient to say that the undisputed testimony discloses the utter impracticability, if not the impossibility, of securing a suitable supply of water at or in the vicinity of Sterling, except in the manner proposed. In fact, the company has for years attempted by sinking wells to obtain such supply, but without avail, and it has been compelled to haul water in tank cars for such purpose from Bismarck to Sterling, a distance of twenty-five miles. The testimony discloses, and, indeed, it goes without saying, that such water trains are more or less an impediment to the efficient operation of the road by interference with the regular passenger and freight traffic over the same, a matter regarding which the interests of the public are materially concerned. The question, therefore, whether the plaintiff shall be restricted to its present methods of securing such needed water supply by hauling the same from Bismarck, or shall be permitted to carry out its proposed scheme of constructing a reservoir upon the land in question is of vital importance, not alone to the plaintiff railway company, but to the public as well. We are entirely clear that the proof is amply sufficient to show the urgent necessity for the condemnation of this property, and that the use for which it is sought to be appropriated is a public one. We call attention to the following recent authorities cited in respondent's brief bearing upon the question of the necessity for the exercise of the right of eminent domain: Fallbrook v. Bradley, 164 U. S. 112, 17 Sup. Ct. 56, 41 L. Ed. 369; Clark v. Nash 198 U. S. 361, 25 Sup. Ct. 676, 49 L. Ed. 1085; State v. Centralia, etc., 42 Wash. 632, 85

Pac. 344, 7 L. R. A. (N. S.) 198; Rockingham v. Hobbs, 72 N. H. 531, 58 Atl. 46, 66 L. R. A. 581; Strickley v. Highland, etc., 200 U. S. 527, 26 Sup. Ct. 301, 50 L. Ed. 581; U. S. v. Gettysburg R. R., 160 U. S. 668, 16 Sup. Ct. 427, 40 L. Ed. 576; C. & N. W. Ry. v. Morehouse, 112 Wis., p. 1, 87 N. W. 849, 56 L. R. A. 240, 88 Am. St. Rep. 918. In the following cases the right of a railway company to condemn property for reservoir purposes, as is sought to be done in the case at bar, was expressly affirmed: Dillon v. Ry. Co., 67 Kan. 687, 74 Pac. 251; Strohecker v. Railway Co., 42 Ga. 507. No one would question the right of a railway company to condemn land for gravel for the ballasting of its roadbed, even though it could get such gravel elsewhere by hauling the same for a distance of 25 miles; yet water is just as essential for the operation of the road as gravel is for ballasting the roadbed, and it would be just as reasonable to require a company to haul gravel for a long distance as it would to require it to haul water for a like distance. We conclude that no error was committed in overruling said motion.

It is next contended that it was error to condemn more than 37 acres out of the entire tract of 67 acres. The proof discloses that but 37 acres are proposed to be actually used for reservoir purposes. We think such contention is without merit. The plaintiff's civil engineer testified without contradiction that the entire tract was necessary, although not to be actually used for the storage of water, and an examination of the plat of the proposed reservoir serves to confirm the truth of his testimony. Much latitude is given to the corporation vested with the right of acquiring property by eminent domain in determining the extent of the property necessary to be taken. 10 Am. & Eng. Enc. Law, 1057, and cases cited. The courts are generally concluded by the good faith determination by the corporation or its officers of the necessity for taking any particular land. 2 Elliott on Railroads, § 954, and cases cited. It is, no doubt, true that, if the corporation is seeking to abuse the power delegated to it by asking to condemn more property than is reasonably necessary for the public use contemplated, the courts will interfere to prevent such taking. The testimony in the record fails to show any such abuse in this case.

Appellants' contention that the easement sought to be condemned for a pipe line is not described with sufficient certainty is not sustained by the record. The location of the proposed line is as definite as it is possible to make it. The exact point of its beginning and

terminus is given together with its length in feet over the land in question.

The remaining assignments of error are sufficiently answered by what we have heretofore said.

Finding no error in the record, the judgment and order appealed from are affirmed. Respondent to recover its costs. All concur.