**BEAR CREEK DEVELOPMENT COR-PORATION, a Colorado corporation, Petitioner–Appellant and Cross–Appel-lee,**

v.

**Patricia L. DYER, Respondent–Appellee and Cross–Appellant.**

**No. 89CA0205.**

Colorado Court of Appeals, Div. V.

March 15, 1990.

Bradley, Campbell, Carney & Madsen, Leo N. Bradley, Victor F. Boog and Jim Michael Hansen, Golden, for petitioner-appellant and cross-appellee.

Machol and Machol, P.C., Wendy L. Merrill and Jacques A. Machol, Jr., Denver, for respondent-appellee and cross-appellant.

Opinion by Judge DUBOFSKY.

Petitioner, Bear Creek Development Corp., appeals the trial court's dismissal of its condemnation proceedings. Respondent, Patricia L. Dyer, cross-appeals the trial court's denial of attorney fees. We reverse the judgment of dismissal and affirm the denial of attorney fees.

Petitioner owns landlocked property on Mount Morrison in Jefferson County, Colo-

rado. Because of the topography of the land, the only access to petitioner's property is a dirt road across respondent's property. For more than ten years, petitioner's property has been used as a site for communication towers.

In March of 1987, petitioner received authorization from the Jefferson County Board of County Commissioners to erect and operate another telecommunications tower upon its property. In connection with these construction plans, petitioner and respondent engaged in a series of unsuccessful offers and counter-offers during April and May 1988 concerning the sale of a non-exclusive easement in gross.

On June 17, 1988, petitioner initiated this condemnation proceeding. On August 8, 1988, petitioner and respondent entered into a lease agreement whereby petitioners were granted access across respondent's property for $300 per month. The lease provided it would continue in effect until the trial court determined petitioner's eminent domain claim and motion for immediate possession. During the pendency of the condemnation proceeding, another telecommunication tower was constructed upon petitioner's property.

On December 22, 1988, the trial court dismissed petitioner's condemnation action. The trial court determined that the road across respondent's property is the only available access to petitioner's plot of land and that a private way of necessity is subject to condemnation under state law. However, the trial court further determined that when a party has access to its landlocked property pursuant to a reasonable and non-oppressive lease agreement, a condemnation action is not proper as there is no necessity demonstrated. In essence, these rulings upheld respondent's establishment of a private toll road over her property, by which she charged the owners of the landlocked property and other users of that property a fee.

The court further determined that the negotiations prior to commencement of this action were not conducted in bad faith, and therefore, it denied respondent's request for attorney fees.

## I.

■ The trial court concluded that the existence of the lease agreement between petitioner and respondent precluded plaintiff's condemnation action. Petitioner argues the trial court erred in this determination, and we agree.

Virtually every court which has addressed this issue has determined that a leasehold arrangement between owners of property does not preclude an action for eminent domain. *See Arp v. United States*, 244 F.2d 571 (10th Cir.1957), *cert. denied*, 355 U.S. 826, 78 S.Ct. 34, 2 L.Ed.2d 40 (1957); *Central Hanover Bank & Trust Co. v. Pan American Airways, Inc.*, 137 Fla. 808, 188 So. 820 (1939); *Lay v. Pi Beta Phi, Inc.*, 30 Tenn.App. 423, 207 S.W.2d 4 (1947); *Russell v. Trustees of Purdue University*, 93 Ind.App. 242, 178 N.E. 180 (1931); *see also* 26 Am.Jur.2d *Eminent Domain* § 87 (1966); Annot., 108 A.L.R. 1522 (1937). Also, respondent's brief concedes there is no legal authority to support the trial court's conclusion that a condemnation proceeding is precluded if petitioner has a leasehold interest in the property and charges a reasonable fee to use an access road.

The trial court analyzed the relationship of petitioner and respondent as that of an owner and user of a toll road. However, this analogy is inappropriate as there are several statutory requirements before a legal toll road is created. *See* §§ 43–3–301, 43–3–304, C.R.S. (1984 Repl.Vol. 17). Hence, the General Assembly did not intend for *de facto* toll roads to be operated outside of this statutory framework.

Thus, the trial court's denial of the right to acquire an easement through condemnation lacks a proper basis.

## II.

Seeking to uphold the judgment entered, respondent argues that neither the Colorado constitution nor applicable statutes empower petitioner to maintain a successful condemnation action under the circumstances at issue. We disagree.

Colo. Const. art. II, § 14, states in relevant part:

"Private property shall not be taken for private use unless by consent of the owner, except for private ways of necessity, and except for reservoirs, drains, flumes or ditches on or across the land of others, for agricultural, mining, milling, domestic, or sanitary purposes."

In *Crystal Park Co. v. Morton*, 27 Colo. App. 74, 146 P. 566 (1915) the court interpreted the phrase "private ways of necessity" to include:

"passageways or roadways necessary in the sense that they are indispensable to the practical use of the property for which they are claimed...."

The *Crystal Park* court further determined that the unity of title requirement from the common law was not a limitation on an owner's right to commence a proceeding to "unlock property" under this constitutional provision. Hence, a landlocked property owner need not prove either that the land was held by a single grantor prior to its division nor that the "necessity of access" existed at the time the property was severed.

Respondent, however, argues that *State Department of Highways v. Denver & Rio Grande Western R.R.*, 757 P.2d 181 (Colo. App.1988) requires that the common law elements of necessity be incorporated as conditions precedent to invoking Colo. Const. art. II, § 14, and that, therefore, *Crystal Park* is not the controlling precedent. We disagree.

*State Department* did not expressly reject *Crystal Park*. In *State Department*, there was no showing of necessity as required by Colo. Const. art. II, § 14. The action was brought by the State Department of Highways to condemn property as part of its consideration for land purchased from a rancher. The rancher had access to his land under the railroad crossing but he desired easier access. His property was not landlocked. The court determined that easier access was not sufficient to establish the need for a private way of necessity under Colo. Const. art. II, § 14.

■ We agree with the analysis in *Crystal Park* that Colo. Const. art. II, § 14, was intended to supplement the already existing common law grant of an implied easement and provide relief by access to those landlocked private parties who require it.

The court in *Crystal Park* reasoned:

"At the time of the adoption of our Constitution, the phrase 'ways of necessity' had a technical and limited meaning at common law, and respondents contend that it is so used in the Constitution. If this contention is sustained, petitioner has no cause of action. The common-law way of necessity is an easement founded upon an implied grant; ... Such being the limited meaning of 'way of necessity' at common law, it is impossible for us, and, we think, unreasonable, to conclude that the framers of the Constitution had in contemplation that character of a way only, or used those words in the limited sense contended for, instead of according to their ordinary and natural import."

In *Wagner v. Fairlamb*, 151 Colo. 481, 379 P.2d 165 (1963), *cert. denied*, 375 U.S. 879, 84 S.Ct. 149, 11 L.Ed.2d 110 (1963), the court implicitly adopted *Crystal Park's* reasoning that Colo. Const. art. II, § 14, supplemented the existing common law grant of an implied easement.

Several other jurisdictions, in interpreting similar constitutional statutory provisions, have reached the conclusion that these provisions are in addition to the common law right of necessity and are not limited thereby. *See Brown v. McAnally*, 97 Wash.2d 360, 644 P.2d 1153 (1982); *McClard v. Morrison*, 281 S.W.2d 592 (Mo. App.1955); *Inspiration Consolidated Copper Co. v. New Keystone Copper Co.*, 16 Ariz. 257, 144 P. 277 (1914).

### III.

■ Respondent next argues that Colo. Const. art. II, § 14, and § 38–1–101, C.R.S. (1982 Repl.Vol. 16A) require that a condemnation proceeding be conducted for a public purpose and that to condemn a private way of necessity does not satisfy this requirement. We agree that under the due process clause of the United States Constitu-

tion a public use or purpose may be necessary for this condemnation, *see Clark v. Nash*, 198 U.S. 361, 25 S.Ct. 676, 49 L.Ed. 1085 (1905); but conclude that the private way of necessity contemplated by art. II, § 14, and § 38–1–101 meet this requirement.

Respondent's reliance upon *Pine Martin Mining Co. v. Empire Zinc Co.*, 90 Colo. 529, 11 P.2d 221 (1932) to support her position that this condemnation is for a private purpose is misplaced. In *Pine Martin*, the court stated:

"Although the words 'private use' occur in our Constitution and statutes, it is obvious that they do not mean a strictly private use, that is to say one having no relation to the public interest. The fact that the Constitution permits private property to be taken for certain specified uses is an implied declaration that such uses are so closely connected with the public interest as to be at least quasi public, or, in a modified sense, affected with a public interest.... Though we have not heretofore said so in so many words, the foregoing considerations prompted our repeated decisions to the effect that under our Constitution and statutes private persons have the right to take private property for the uses specified in the Constitutions."

*See also Clark v. Nash, supra* (private condemnation for purpose of using water or for mining is for a public use) and *Public Service Co. v. Shaklee*, 784 P.2d 314 (Colo.1989). *Accord Komposh v. Powers*, 75 Mont. 493, 244 P. 298 (1926), *aff'd*, 275 U.S. 504, 48 S.Ct. 156, 72 L.Ed. 396 (1927); *State ex rel. Huntoon v. Superior Court*, 145 Wash. 307, 260 P. 527 (1927).

In *Deseret Ranches of Florida, Inc. v. Bowman*, 349 So.2d 155 (Fla.1977), the court, in discussing the public purpose of a private way of necessity, stated:

"The inverse of appellant's contention is true: the statute's purpose is predominantly public and the benefit to the private landholder is incidental to the public purpose.... [S]ensible utilization of land continues to be one of our most important goals. We take notice that Florida grows in population at one of the fastest rates of any state in the nation. Useful land becomes more scarce in proportion to population increase, and the problem in this state becomes greater as tourism, commerce and the need for housing and agriculture goods grow. By its application to shut-off lands to be used for housing, agriculture, timber production and stock-raising, the statute is designed to fill these needs."

*See* 2 J. Sackman & P. Rohan, *Nichols' on Eminent Domain* § 7.73 (3rd ed. 1989).

In our view, the easement at issue here falls within the scope of Colo. Const. art. II, § 14, in that it serves a public purpose by providing access to property in the State. *See Deseret Ranches of Florida, Inc. v. Bowman, supra,* and *Pine Martin Mining Co. v. Empire Zinc Co., supra.*

## IV.

■ Respondent argues it was error for the trial court not to award attorney fees. Since the dismissal of the action is being reversed, attorney fees are not appropriate. *See Billington v. Yust*, 789 P.2d 196 (Colo. App.1989).

We agree with the trial court's determination that the negotiations were not conducted in bad faith and that the legal requirements of *City of Thornton v. Farmer's Reservoir & Irrigation Co.*, 194 Colo. 526, 575 P.2d 382 (1978) were met.

The judgment of dismissal is reversed, and the cause is remanded for further proceedings on petitioner's eminent domain action. The order denying attorney fees is affirmed.

JONES and RULAND, JJ., concur.