# WILLIAMS *v.* PARKER.

ERROR TO THE SUPREME JUDICIAL COURT OF THE STATE OF
MASSACHUSETTS.

No. 116.   Argued December 5, 1902.—Decided February 23, 1903.

So far as the Federal Constitution is concerned a State may authorize the
taking of possession of property for a public use prior to any payment
therefor, or even the determination of the amount of compensation, pro-
viding adequate provision is made for such compensation.

The statute of Massachusetts of May 23, 1898, providing that no building
should be erected within certain limits in the city of Boston of over a
certain height, and also providing that any person owning or interested
in any building then in course of construction who was damaged thereby,
might recover damages in an action commenced within two years from
the passage of the act, against the city of Boston for the actual damages
sustained by them in the cost of materials and re-arrangement of the
design or construction of the buildings, provides a direct and appropriate
means of ascertaining and enforcing the amount of such damages, and
for their payment by the city of Boston in regard to the solvency whereof
no question is raised, and such statute is not in conflict with the Federal
Constitution.

On May 23, 1898, the legislature of Massachusetts passed the
following act :

"Sec. 1. Any building now being built or hereafter to be
built, rebuilt or altered in the city of Boston, upon any land
abutting on St. James avenue, between Clarendon street and
Dartmouth street, or upon land at the corner of Dartmouth
street and Huntington avenue, now occupied by the Pierce
building, so-called, or upon land abutting on Dartmouth street,
now occupied by the Boston Public Library building, or upon
land at the corner of Dartmouth street and Boylston street,
now occupied by the New Old South Church building, may be
completed, built, rebuilt or altered to the height of ninety feet,
and no more ; and upon any land or lands abutting on Boylston
street, between Dartmouth street and Clarendon street, may
be completed, built, rebuilt or altered to the height of one hun-
dred feet, and no more : *Provided, however,* That there may be

erected on any such building, above the limits hereinbefore prescribed, such steeples, towers, domes, sculptured ornaments and chimneys as the board of park commissioners of said city may approve. .

" SEC. 2. The provisions of chapter three hundred and thirteen of the acts of the year eighteen hundred and ninety-six, and of chapter three hundred and seventy-nine of the acts of the year eighteen hundred and ninety-seven, so far as they limit the height of buildings, shall not be construed to apply to the territory specified and restricted in section one of this act.

" SEC. 3. The owner of or any person having an interest in any building upon any land described in section one of this act, the construction whereof was begun but not completed before the fourteenth day of January in the current year, who suffers damage under the provisions of this act by reason or in consequence of having planned and begun such construction, or made contracts therefor, for a height exceeding that limited by section one of this act for the locality where said construction has been begun, may recover damages from the city of Boston for material bought or actually contracted for, and the use of which is prevented by the provisions of this act, for the excess of cost of material bought or actually contracted for over that which would be necessary for such building if not exceeding in height the limit prescribed for that locality by section one of this act, less the value of such materials as are not required on account of the limitations resulting from the provisions of this act, and the actual cost or expense of any rearrangement of the design or construction of such building made necessary by this act, by proceedings begun within two years of the passage of this act, and in the manner prescribed by law for obtaining payment for damages sustained by any person whose land is taken in the laying out of a highway in said city.

" SEC. 4. Any person sustaining damage or loss in his property by reason of the limit of the height of buildings provided for in this act, may recover such damage or loss from the city of Boston, by proceedings begun within three years of the passage of this act, and in the manner prescribed by law for obtaining payment for damages sustained by any person whose

land is taken in the laying out of a highway in said city." Acts and Resolves of Massachusetts, 1898, chap. 452.

The building of plaintiff in error comes within the scope of this statute, and on September 17, 1898, the attorney general of Massachusetts filed an information in the Supreme Judicial Court of that State to enjoin the maintenance of that part of the building above the ninety-feet line. To this information the defendants pleaded, among other things, that " the statute, . . . in its application to the defendants, . . . is in violation of the second clause of section 1 of the Fourteenth Amendment and of other provisions of the Constitution of the United States." Pending this proceeding the defendants commenced actions against the city of Boston for damages, as provided in sections 3 and 4 of the statute. The city filed a general denial. The defendants then moved that the attorney general be required to join the city as a party defendant, in order that the question of the city's liability to damages might be conclusively determined in this proceeding, or, in default of such joinder, that it be stayed until the city's liability could be conclusively determined. This motion was denied and the defendants appealed from the denial thereof. The facts were agreed upon and the case reserved by the presiding justice for the consideration of the full court. Upon March 13, 1901, a decree was entered, sustaining the contention of the attorney general, and directing a removal of those parts of the building above the height of ninety feet, without prejudice, however, to the right of defendants under the statute to maintain such steeples, towers, etc., as the board of park commissioners of the city of Boston should approve. 174 Massachusetts, 476. To review such judgment this writ of error was sued out.

*Mr. Albert E. Pillsbury* and *Mr. Grant M. Palmer* for plaintiffs in error.

The Massachusetts court holds the statute to be an exercise of the power of eminent domain, taking property rights in the nature of an easement in the estate of the plaintiffs in error. As the statute purports to provide compensation, and as it has no relation to the public health, morals, or safety, this is prac-

tically a necessary construction. *Talbot* v. *Hudson*, 16 Gray, 417; *Dorgan* v. *Boston*, 12 Allen, 223; *Parker* v. *Commonwealth*, 178 Massachusetts, 199; *Sweet* v. *Rechel*, 159 U. S. 380, 396. This construction will be accepted by this court and the statute dealt with accordingly. *W. W. Cargill Co.* v. *Minnesota*, 180 U. S. 452, 466, and cases cited.

1. It is elementary that due provision for just compensation for private property taken for public uses is essential to the validity of an act of eminent domain. Without it, such an act is a nullity, incapable of warranting any interference with the property sought to be taken. Declaration of Rights, art. XXII; *Perry* v. *Wilson*, 7 Massachusetts, 393; *Stevens* v. *Props. of Middlesex Canal*, 12 Massachusetts, 466; *Brickett* v. *Haverhill Aqueduct Co.*, 142 Massachussets, 394; *Attorney General* v. *Old Colony R. R.*, 160 Massachusetts, 62, 90; *Bent* v. *Emery*, 173 Massachusetts, 495. Without such provision the statute "is unconstitutional and void, and does not justify an entry upon the land of the owner without his consent." *Conn. River R. R.* v. *County Comm'rs*, 127 Massachussetts, 50, and cases cited.

2. It is not enough that the statute *purports* to make provision for compensation. The provision must be certain, amounting to assurance of it, without risk of failure in any event. It is beyond legislative power to cast upon the property owner any hazard of loss of his property without compensation. *Drury* v. *Midland Railroad*, 127 Massachusetts, 571; *Haverhill Bridge* v. *Essex Comm'rs*, 103 Massachusetts, 120, 124; *Attorney General* v. *Old Colony R. R.*, 160 Massachusetts, 62, 90; *Conn. River R. R.* v. *County Comm'rs*, 127 Massachusetts, 50; *Brewster* v. *Rogers Co.*, 169 N. Y. 73; *Bent* v. *Emery*, 173 Massachusetts, 495; *Kennedy* v. *Indianapolis*, 103 U. S. 599; *Cherokee Nation* v. *Kansas Railway Co.*, 135 U. S. 641, 659; *Bauman* v. *Ross*, 167 U. S. 548, 598; *United States* v. *Gettysburg Railway*, 160 U. S. 668. *Sweet* v. *Rechel*, 159 U. S. 404, distinguished.

3. Due provision securing just compensation to the owner of property taken in the exercise of the power of eminent domain by or under the States is required by the due process clause of

the Fourteenth Amendment. *Monongahela Navigation Co.* v. *United States*, 148 U. S. 312, 324 *et seq.; Chicago, Burlington &c. Rd.* v. *Chicago*, 166 U. S. 226, 235, 241; *Long Island Water Co* v. *Brooklyn*, 166 U. S. 685, 695; *Smyth* v. *Ames*, 169 U. S. 466, 526; *Backus* v. *Fort St. Depot Co.*, 169 U. S. 557, 565; *Norwood* v. *Baker*, 172 U. S. 269, 277.

4. The Federal requirement of due process of law extends to judicial as well as to legislative action of the States. The decree of a court may invade the requirement, no less than a statute. *Chicago, B. & Q. Rd.* v. *Chicago*, 166 U. S. 226, 241; *Virginia* v. *Rives*, 100 U. S. 313; *Ex parte Virginia*, 100 U. S. 339, 346; *Civil Rights Cases*, 109 U. S. 311; *Logan* v. *United States*, 144 U. S. 263, 290; *Scott* v. *McNeal*, 154 U. S. 34, 45; *Gibson* v. *Mississippi*, 162 U. S. 565, 581; *Williams* v. *Mississippi*, 170 U. S. 213, 220; *Blake* v. *McClung*, 172 U. S. 239, 260.

If it is not consistent with due process of law for the court to order the actual destruction of the property while the question whether there is any valid taking or provision for compensation remains in dispute and undetermined, the decree should be reversed, notwithstanding the possibility that in the other proceeding for damages against the city, the statute may eventually be held constitutional and the provision for compensation valid. If assurance of just compensation is, as held by this court, a condition precedent to the exercise of eminent domain, without which the title does not pass in advance of payment, *a fortiori* is it a condition precedent to actual dispossession and destruction of the property.

The case is peculiar, as the statute out of which it arises is unprecedented. Ordinarily, in the direct taking of property by the State, the State expressly assumes the damages. If the power to take is delegated, the agency authorized to make the taking is expressly made liable. In either case, the act of taking estops the taker to deny its validity or its own liability to make compensation. *Gloucester Water Co.* v. *Gloucester*, 179 Massachusetts, 365, 377, and cases cited; *Daniels* v. *Tierney*, 102 U. S. 415, 421; *Electric Co.* v. *Dow*, 166 U. S. 489.

It is open to the city, in the proceeding for damages, to as-

sail the statute on grounds not open to the plaintiffs in error in this case. In that case, the court must be governed by other considerations, and may find itself constrained to hold that the city is not liable. The State has never undertaken this liability for damages; and it cannot be held liable for the acts of its public officers, whether merely tortious or in course of judicial procedure, under a void statute. *Conn. River Rd.* v. *County Comm'rs*, 127 Massachusetts, 50, 56; *Murdock Grate Co.* v. *Commonwealth*, 152 Massachusetts, 28; *Bent* v. *Emery*, 173 Massachusetts, 495, 498.

In fine, in event of the provision for damages being held non-enforceable as against the city, which is possible in law and not wholly improbable in fact, the plaintiffs in error are arbitrarily despoiled of their property.

Unless the legislature has power to compel a city to establish public parks, it has no power to compel a city to take or pay for property for improving them when established. In the States in which the direct question whether the legislature may compel a city or town to establish public parks has been judicially raised, under constitutional provisions substantially like those of Massachusetts, it has uniformly been determined in the negative. *People* v. *Hurlbut*, 24 Michigan, 44, 93; *People* v. *Detroit*, 28 Michigan, 228, 233 *et seq.*; *Park Comm'rs* v. *Mayor*, 29 Michigan, 343; *Thompson* v. *Moran*, 44 Michigan, 602; *Webb* v. *Mayor of New York*, 64 How. Pr. 10; Dillon, Munic. Corp. (4th ed.) secs. 71–74*a*; *Atkins* v. *Randolph*, 31 Vermont, 226; *State ex rel. McCurdy* v. *Tappan*, 29 Wisconsin, 664, 680, 687; *Louisville* v. *University*, 15 B. Mon. 642; *State* v. *Fox*, 63 N. E. Rep. 19, 21 (Indiana).

Until the present case, the Massachusetts court had never gone so far as to hold that the legislature may *compel* a city to tax its inhabitants for a system of public parks, nor is there believed to be authority for this proposition in any State. It had gone no farther than to hold that the legislature may *authorize* taxation for this purpose. *Holt* v. *Somerville*, 127 Massachusetts, 408, 413; *Foster* v. *Park Commissioners*, 133 Massachusetts, 321, 326; *Props. of Mt. Hope Cemetery* v. *Boston*, 158 Massachusetts, 509, 519,

The city of Boston never had any moneys appropriated, nor any specific power to appropriate moneys, to meet the liability cast upon it by the statute of 1898 ; and its power to raise and appropriate money for any purpose is limited by statute.

It was formerly understood in Massachusetts that the property of the inhabitants is liable to seizure on execution for a debt of a city or town. *Conn. River R. R.* v. *County Comm'rs*, 127 Massachusetts, 50. Apparently this can no longer be regarded as the law. *Rees* v. *Watertown*, 19 Wall. 107, 122 ; *Merriwether* v. *Garrett*, 102 U. S. 472, 501, 519, 526.

It is inconsistent with the inherent substance of due process of law, as universally understood and applied, to enforce such a statute against the owner of the property, by actual dispossession and demolition, at least until the validity of the provision for damages, upon which the validity of the taking depends, is established as against the party made liable. The statute, construed to authorize such enforcement, is in conflict with the due process clause of the Fourteenth Amendment. If the statute does not authorize it, the decree is itself an invasion of the Federal right.

The judgment cannot be sustained on the police power.

The current of authority is strongly against legislative power to declare or deal with such a building as this as a nuisance, or to apply such legislation under such conditions in the exercise of the police power, or, upon any ground, to cut down private rights to such an extent as that here disclosed, without compensation as for a taking of property. A judicial view of the subject which comes near being universal might well be deemed conclusive in determining, if it were presented, the question of what degree of respect and security for property rights in this regard is essential to the Federal requirement of due process of law. In addition to cases before cited see *Yates* v. *Milwaukee*, 10 Wall. 497 ; *Pumpelly* v. *Green Bay Co.*, 13 Wall. 166, 177 *et seq.* ; *Sweet* v. *Rechel*, 159 U. S. 396 *et seq.* ; Mass. Decl'n of Rights, XII, XXX; *Baker* v. *Boston*, 12 Pick. 184, 194 ; *Commonwealth* v. *Alger*, 7 Cush. 53, 103–4; *Morse* v. *Stocker*, 1 Allen, 150, 157–8 ; *Watertown* v. *Mayo*, 109 Massachusetts, 315, 319 ; *Lowell* v. *Boston*, 111 Massachusetts,

454; *Sawyer* v. *Davis*, 136 Massachusetts, 239; *Wilkins* v. *Jewett*, 139 Massachusetts, 29; *Newton* v. *Belger*, 143 Massachusetts, 598; *Rideout* v. *Knox*, 148 Massachusetts, 368, 374; *Miller* v. *Horton*, 152 Massachusetts, 540; *Commonwealth* v. *Parks*, 155 Massachusetts, 531; *Langmaid* v. *Reed*, 159 Massachusetts, 409; *Bent* v. *Emery*, 173 Massachusetts, 495; *Quintini* v. *Bay St. Louis*, 64 Mississippi, 483; *Waupen* v. *Moore*, 34 Wisconsin, 450; *Janesville* v. *Carpenter*, 77 Wisconsin, 288; *Priewe* v. *Wisconsin &c. Co.*, 93 Wisconsin, 534; *Priewe* v. *Wisconsin &c. Co.*, 103 Wisconsin, 537; *Ex parte Whitwell*, 98 California, 73; *People* v. *Elk River Co.*, 107 California, 221; *State* v. *Railway Co.*, 68 Minnesota, 381; *Platt* v. *Waterbury*, 72 Connecticut, 531, 551; *Ruhstrat* v. *People*, 185 Illinois, 133, 141; *Williamson* v. *Liverpool Ins. Co.*, 105 Fed. Rep. 31, and cases cited; *Mayor of Hudson* v. *Thorne*, 7 Paige, 261; *Evansville* v. *Miller*, 146 Indiana, 613; *Des Plaines* v. *Poyer*, 123 Illinois, 348.

The information and decree stand solely upon the statute of 1898. The construction put by the state court upon that statute as an act of eminent domain is the necessary construction. There is no question of the police power in the case. The statute must be dealt with as an act of eminent domain, and the decree as an attempt to enforce an act of eminent domain, subject to all the constitutional restraints which affect the exercise of that power.

*Mr. Samuel J. Elder* and *Mr. Edmund A. Whitman* for defendant in error.

I. The statute provides for ample compensation for any injury to property due to its enactment and also gives a sweeping remedy to any person injured by the passage of the act. The two provisions together cover every possible element of loss which has been suffered by these plaintiffs in error, if indeed there is any loss for which they can recover.

II. The act was passed under the police power of the legislature, and compensation was unnecessary. The competency of the legislature to pass such acts has never been doubted. *People ex rel. Kemp* v. *D'Oench*, 111 New York, 359. Such

enactments are for the safety, comfort and convenience of the people, and for the benefit of property owners generally. *Knowlton* v. *Williams et al.,* 174 Massachusetts, 476; *Commonwealth* v. *Colton,* 8 Gray, 488. It is not essential that such a regulation should apply to all parts of the community, but the legislature may, if it sees fit, select a limited portion of some city or town to which such regulation shall apply. *Watertown* v. *Mayo,* 109 Massachusetts, 315; *Salem* v. *Maynes,* 123 Massachusetts, 372. Such a legislative limitation is both "wholesome" and "reasonable," which is the only limitation put by the courts upon the exercise of the police power. *Commonwealth* v. *Alger,* 7 Cush. 53; *Sawyer* v. *Davis,* 136 Massachusetts, 239. The test which has been laid down by this court has been the maxim *sic utere tuo ut alienum non lœdas,* and the legislature always has the power to prevent an individual from doing any act upon his property which will be to the injury of the public. *Munn* v. *Illinois,* 94 U. S. 113; *Mugler* v. *Kansas,* 123 U. S. 623; *Crowley* v. *Christensen,* 137 U. S. 86.

It is clear from the allegations of the information as admitted in the agreed statement of facts, that this case comes within the limitations expressed in *Lawton* v. *Steele,* 152 U. S. 133. We have here a public square surrounded by public buildings, in themselves of great value, filled with treasures of literature and art of practically priceless value. The danger from fire to these public buildings was an entirely sufficient basis for passing this statute. Furthermore, the importance of an adequate supply of light to the Art Museum and Public Library, as well as to the public square and adjacent streets, was, in itself, an entirely adequate basis for the passage of this statute.

It is entirely immaterial that the legislature in its generosity chose to make compensation to the owners of property injured by the passage of this act, because the making of compensation is not incident to the exercise of police power, and the fact that compensation is given does not, and cannot, change the particular power under which the legislature acted.

III. The statute regarded as an exercise of the power of taking by eminent domain. It is true that this provision for com-

pensation does conform to the constitutional requirement for the taking of property by the right of eminent domain, and if the court looking at all the circumstances should think that it was the intention of the legislature to take certain rights in light and air and in the view over adjacent land, above the line to which buildings may be erected, in the nature of an easement annexed to the streets and public squares adjoining, the statute is in all respects in accordance with the rules regulating the taking of property by right of eminent domain. Copley Square is clearly a public park within the definitions in the adjudicated cases. *Perrin* v. *N. Y. Central R. R. Co.*, 36 N. Y. 120, 124; *Price* v. *Inhabitants of Plainfield*, 40 N. J. L. 608, 613; *Archer* v. *Salina City*, 93 California, 43; *Foster* v. *Park Commissioners*, 133 Massachusetts, 334, 335.

IV. The statute provides fully for due process of law for any injured party. While this court has never been willing to define with precision the limits of what may be construed to be due process of law, it has over and over again repeated that due process means only such process as recognizes the right of the owner to be compensated if his property be taken from him and transferred to the public. All that is essential is that a proper inquiry should be made as to the amount of compensation, and this constitutes " due process." There can be no question that this statute falls fully within these limitations. *C., B. & Q. R. R.* v. *Chicago*, 166 U. S. 226; *Sweet* v. *Rechel*, 159 U. S. 380; *Cass Farm Co.* v. *Detroit*, 181 U. S. 396; *Simons* v. *Craft*, 182 U. S. 427; *Iowa Central Ry.* v. *Iowa*, 160 U. S. 389; *Holden* v. *Hardy*, 169 U. S. 366; *Backus* v. *Fort St. Union Depot Co.*, 169 U. S. 557. Due process of law is process according to the law of the land. This process is regulated by the law of the State. *French* v. *Barber Asphalt Co.*, 181 U. S. 324.

If this statute in question can be construed as an exercise of the power of taxation, the rule is still the same. *Davidson* v. *New Orleans*, 96 U. S. 97; *Mobile* v. *Kimball*, 102 U. S. 691; *Hagar* v. *Reclamation District*, 111 U. S. 701; *Fallbrook Irrigation District* v. *Bradley*, 164 U. S. 112.

V. The burden of making compensation was legally imposed

on the city of Boston.  Nor does it make any difference with the constitutionality of the statute that the legislature of Massachusetts has imposed the entire burden of this public improvement upon the city of Boston.  *Sweet* v. *Rechel*, 159 U. S. 380; *Willard* v. *Presbury*, 14 Wall. 676; *Bauman* v. *Ross*, 167 U. S. 548; *Webster* v. *Fargo*, 181 U. S. 394; *Williams* v. *Eggleston*, 170 U. S. 304; *Freeland* v. *Hastings*, 10 Allen, 570; *Kingman, Petr.*, 153 Massachusetts, 566; *Old Colony Railroad* v. *Framingham Co.*, 153 Massachusetts, 561.  It is familiar law, of course, that the decision of a Supreme Court of a State in construing its own constitution is binding on this court.  *Iowa Central R. R. Co.* v. *Iowa*, 160 U. S. 389; *Orr* v. *Gilman*, 183 U. S. 278.  This court is bound to give the same meaning to a state statute as was given it by the Supreme Court of the State. *Stockard* v. *Morgan*, 185 U. S. 27; *Missouri Pacific Ry.* v. *Nebraska*, 164 U. S. 403.

Massachusetts has a provision in its constitution in the fourth article, section 1, chap. 1, conferring upon the general court full power and authority to make "all manner of wholesome and reasonable orders, the same to be not repugnant or contrary to the constitution," and the Supreme Court of Massachusetts has said that this provision gives the legislature a wide authority, and one more comprehensive than that found in the constitutions of other States.  *Opinion of the Justices*, 163 Massachusetts, 589; *Turner* v. *Nye*, 154 Massachusetts, 579; *Kingman, Petr., supra; Norwood* v. *New York etc. R. R.*, 161 Massachusetts, 259; *Commissioners* v. *Holyoke Water Power*, 104 Massachusetts, 446.

The legislature, apart from these considerations, had the entire right to promote the beauty and attractiveness of a public park in the capital of the Commonwealth, and to prevent unreasonable encroachments upon the light and air which it had previously received.  *Knowlton* v. *Williams*, 174 Massachusetts, 476.

The legislature of Massachusetts has imposed at various times a sewerage system, a water system, and a park system upon the city of Boston and the adjoining cities and towns, constituting what the legislature has called a Metropolitan District,

and the constitutionality of such statutes has been affirmed after careful consideration. *Kingman, Petr.*, 153 Massachusetts, 570 (sewers); *Adams, Petr.*, 165 Massachusetts, 497 (parks); *De Las Casas, Petr.*, 178 Massachusetts, 213 (parks).

MR. JUSTICE BREWER, after making the foregoing statement, delivered the opinion of the court.

Counsel for plaintiffs in error state in their brief that "the single question in the case is, substantially, whether it is consistent with due process of law for a court to decree the actual destruction of property under a statute of eminent domain by which the State takes certain rights in it, making provision for compensation only by giving the owners a right of action against a city for their damages, while the city, which had no part in the taking, denies the validity of the provision for compensation, upon which the validity of the taking depends, and refuses to pay any damages unless and until it is held liable therefor in another proceeding, which is yet undetermined."

That the statute does not conflict with the constitution of the State is for this court settled by the decision of the state court. *Merchants' Bank* v. *Pennsylvania*, 167 U. S. 461, and cases cited; *Rasmussen* v. *Idaho*, 181 U. S. 198. The constitutional provision of the State and that found in the Fifth Amendment to the Federal Constitution are substantially alike. The Massachusetts provision reads : "Whenever the public exigencies require that the property of any individual should be appropriated to public uses, he shall receive a reasonable compensation therefor." Declaration of Rights, Art. X. And the Fifth Amendment says : "Nor shall private property be taken for public use, without just compensation."

So far as the Federal Constitution is concerned, it is settled by repeated decisions that a State may authorize the taking of possession prior to any payment, or even final determination of the amount of compensation. In *Backus* v. *Fort Street Union Depot Company*, 169 U. S. 557, 568, we said :

"Is it beyond the power of a State to authorize in condemnation cases the taking of possession prior to the final deter-

mination of the amount of compensation and payment thereof? This question is fully answered by the opinions of this court in *Cherokee Nation* v. *Southern Kansas Railway*, 135 U. S. 641, and *Sweet* v. *Rechel*, 159 U. S. 380. There can be no doubt that if adequate provision for compensation is made authority may be granted for taking possession pending inquiry as to the amount which must be paid and before any final determination thereof."

We pass, therefore, to inquire as to the adequacy of the provision for compensation. No question is made as to the general solvency of the city of Boston. Although in the agreed facts it is stated that the city has no " moneys specially appropriated to any such purpose as that prescribed by the damage clauses of this statute, nor any express statutory power or authority to raise, appropriate or pay money for such a purpose," yet as this statute provides that "any person sustaining damage . . . may recover such damage . . . in the manner prescribed by law for obtaining payment for damages by any person whose land is taken in the laying out of a highway ;" and as there is a general statute making suitable provision for such a recovery, the question of solvency does not seem to be material.

It is true that the city is not a party to the proceedings, and therefore not estopped to deny its liability by reason of having sought and obtained the condemnation. In that respect the statute differs from ordinary statutes giving to corporations, municipal or private, the right to condemn. While there is no technical estoppel by judicial proceeding, yet the state Supreme Court adjudged the validity of the statute, not merely in respect to the taking, but also in respect to the liability of the city In its opinion it said (p. 481):

"It may be contended that if the legislature could take this right for the use of the public, it could not require the city of Boston to make compensation for it, but should have provided for the payment of damages from the treasury of the Commonwealth. This contention would limit too strictly the power of the legislature in the distribution of public burdens. Very wide discretion is left with the lawmaking power in this particular. The legislature may change the political subdivisions

of the Commonwealth by creating, changing, or abolishing particular cities, towns or counties. It may require any of them to bear such share of the public burdens as it deems just and equitable. This right has been exercised in a great variety of ways. *Kingman, Petitioner*, 153 Massachusetts, 566, and cases and statutes there cited."

And this decision is in harmony with prior adjudications of that court.

It is also true that the proceeding here taken is in many respects novel. Perhaps no case like it has arisen in this country. But as the court of last resort of Massachusetts has treated it as a condemnation, a taking for the public use, it is a taking for the use primarily of the citizens of Boston, and comes within the repeated rulings of the state court in respect to the competency of the legislature to cast the burden thereof upon the city. And while, as stated, there may be no technical estoppel by judgment, yet in view of these rulings it would be going too far to hold that it is essential that there be a judgment establishing the liability of the city before it can be affirmed that adequate provision for compensation has been made.

That there may be novel questions in respect to the measure of damage, the value of the property that is taken, does not avoid the fact that a solvent debtor, one whose solvency is not liable to go up or down like that of an individual, but is of substantial permanence, is provided, as well as a direct and appropriate means of ascertaining and enforcing the amount of all such damage. In view therefore of the prior decisions of the Supreme Court of the State as well as that in this case, we are of opinion that it cannot be held that there was a failure to make adequate provision for the payment of the damages sustained by the taking.

We have not considered any question of purely state cognizance, nor have we stopped to comment on the suggestion made by the Supreme Court of the State, that this statute might be sustained as an exercise of the police power, or if it could be so sustained, that it could be enforced without any provision for compensation. Considering simply the distinct

proposition so ably presented by the counsel for plaintiffs in error, we are of opinion that the statute in question cannot be adjudged in conflict with the Federal Constitution, and therefore the judgment of the Supreme Judicial Court of Massachusetts is

*Affirmed.*