## MT. VERNON–WOODBERRY COTTON DUCK COMPANY *v.* ALABAMA INTERSTATE POWER COMPANY.

ERROR TO THE SUPREME COURT OF THE STATE OF ALABAMA.

No. 200.  Submitted January 10, 1916.—Decided January 24, 1916.

Prohibition is a distinct suit and the judgment finally disposing of it is a final judgment by common law as well as under the statutes of Alabama within the meaning of Judicial Code, § 237.

The fact that the denial of a petition for writ of prohibition does not decide the merits of the principal suit is immaterial so far as finality of the judgment is concerned.

Where the state court has denied a petition for writ of prohibition, all the points urged exclusively under the state constitution must be taken to have been decided adversely to plaintiff in error and this court in such respect follows the state court.

To manufacture, supply and sell to the public, power produced by water as motive force, *held* in this case, following the judgment of the state court, to be a public use justifying the exercise of eminent domain, and the statute of Alabama providing for condemnation of property for water power purposes is not unconstitutional as taking property without due process of law.

186 Alabama, 622, affirmed.

THE facts, which involve the construction, application and constitutionality of statutes of Alabama providing for proceedings to condemn land and water powers, are stated in the opinion.

*Mr. Hollins N. Randolph* and *Mr. Edwin G. Baetjer,* for plaintiff in error.

*Mr. Thomas W. Martin* and *Mr. Ray Rushton* for defendant in error.

MR. JUSTICE HOLMES delivered the opinion of the court.

This is a petition for a writ of prohibition to prevent the Probate Court of Tallapoosa County from taking

jurisdiction of condemnation proceedings instituted by the Alabama Interstate Power Company to take land, water and water rights belonging to the petitioner. An alternative writ was issued but the Supreme Court of the State ordered it to be quashed and the writ to be dismissed. 186 Alabama, 622. The grounds of the petition are that the statutes of Alabama do not authorize the proceedings and that if they do they contravene the Fourteenth Amendment of the Constitution of the United States. The Supreme Court upheld the statutes and the jurisdiction of the Probate Court, but left the sufficiency of the petition for condemnation, whether every subject of which condemnation was sought could be condemned, and the ability of the Power Company to prove its case, to be determined in the condemnation case. There is a motion to dismiss the writ of error on the ground that the present decision is not final because it does not determine the merits; but this motion must be denied. Prohibition is a distinct suit and the judgment finally disposing of it is a final judgment within the meaning of the Judicial Code, Act of March 3, 1911, c. 231, § 237, 36 Stat. 1087, 1156, under the statutes of Alabama and by the common law. Code of 1907, §§ 4864–4867, 4872. *Weston* v. *Charleston,* 2 Pet. 449, 464, 465. The fact that it does not decide the merits of the principal suit is immaterial. It is not devoted to that point, but only to the preliminary question of the jurisdiction of the court in which that suit is brought.

The argument in favor of granting the writ presented by the plaintiffs in error, is addressed in great part to matters with which this court has no concern. It is argued that the Probate Court could not be given jurisdiction of the condemnation proceedings consistently with the constitution of the State; that under the same instrument the State Legislature had no power to pass the condemnation acts; that the petition was insufficient to found jurisdiction of the case and was defective in various

ways; that a part of the condemnation sought was bad under the statutes in any event; and that certain words in the Alabama Code under which it is sought to condemn rights below the contemplated dam of the Power Company, never were properly enacted by the legislature of the State. All these points must be taken to have been decided adversely to the plaintiff in error by the Supreme Court of Alabama so far as they might furnish grounds for prohibition, and they all are matters on which this court follows the Supreme Court of the State.

The principal argument presented that is open here, is that the purpose of the condemnation is not a public one. The purpose of the Power Company's incorporation and that for which it seeks to condemn property of the plaintiff in error is to manufacture, supply, and sell to the public, power produced by water as a motive force. In the organic relations of modern society it may sometimes be hard to draw the line that is supposed to limit the authority of the legislature to exercise or delegate the power of eminent domain. But to gather the streams from waste and to draw from them energy, labor without brains, and so to save mankind from toil that it can be spared, is to supply what, next to intellect, is the very foundation of all our achievements and all our welfare. If that purpose is not public we should be at a loss to say what is. The inadequacy of use by the general public as a universal test is established. *Clark* v. *Nash*, 198 U. S. 361. *Strickley* v. *Highland Boy Mining Co.*, 200 U. S. 527, 531. The respect due to the judgment of the State would have great weight if there were a doubt. *Hairston* v. *Danville & Western Ry. Co.*, 208 U. S. 598, 607. *O'Neill* v. *Leamer*, 239 U. S. 244, 253. But there is none. See *Otis Co.* v. *Ludlow Manufacturing Co.*, 201 U. S. 140, 151. We perceive no ground for the distinction attempted between the taking of rights below the contemplated dam, such as these are, and those above. Compensation is provided for according to rules

that the court below declares to be well settled and that appear to be adequate. The details as to what may be taken and what not under the statutes and petition are not open here. Before a corporation can condemn rights it is required to have obtained, by other means, at least an acre on each side of the stream for a dam site, and this is supposed to show that the use is not public. It is only a reasonable precaution to insure good faith. A hardly consistent argument is that the dam should be built before the necessity of taking waters below can be shown. But a plan may show the necessity beforehand. All that we decide is that no general objection based on these grounds affects the jurisdiction of the Probate Court or the constitutionality of the act.

Certain exceptions from the powers conferred, such as private residences, lands of other corporations having similar powers, and cotton factories, subject to the taking of the excess of water over that in actual use or capable of use at normal stages of the stream, are too plainly reasonable so far as they come in question here to need justification. Discrimination is alleged but not argued. We see nothing that runs against the Fourteenth Amendment. The right given to take possession before the compensation is finally determined also is not argued. *Williams* v. *Parker*, 188 U. S. 491, 502. Without further discussion of the minutiæ, we are of opinion that the decision of the Supreme Court of Alabama upon the questions arising under the Constitution of the United States was correct.

*Judgment affirmed.*