# HENDERSONVILLE LIGHT & POWER COMPANY ET AL. *v.* BLUE RIDGE INTERURBAN RAILWAY COMPANY.

ERROR TO THE SUPREME COURT OF THE STATE OF NORTH CAROLINA.

No. 497.   Argued April 10, 1917.—Decided April 23, 1917.

Where the answer in a state condemnation case attacked the taking as a taking for private use in violation of the Fourteenth Amendment and a dissenting opinion in the state Supreme Court bore evidence that the Federal Constitution was invoked against a construction of the state laws by which the taking was justified, *Held*, that this court had jurisdiction to review.

Charter and state laws authorized a corporation to build and operate an electric railroad, to condemn water power and employ it in generating electricity for use in running the road, to sell the surplus of current so generated and, in connection with these objects, to construct buildings and factories, and operate machinery. In condemnation proceedings whereby the corporation took water rights of a riparian owner, the state court found that the purpose was in good faith to carry on the business of building and operating the road, that the taking of all the water power was necessary for that purpose, and that the purpose was public.

*Held:* (1) That in the absence of definite proof that a surplus would result this court could not say that sale of surplus power was the real object of the enterprise or anything more than a possible incident, necessary to prevent waste, of the railway use.

(2) Even if sale of surplus power were likely to occur, the taking, upon the case as made, would be justified by *Mt. Vernon-Woodberry Cotton Duck Co.* v. *Alabama Interstate Power Co.*, 240 U. S. 30, 32.

171 N. Car. 314, affirmed.

THE case is stated in the opinion.

*Mr. Michael Schenck*, with whom *Mr. C. P. Sanders, Mr. J. C. Martin, Mr. Thomas S. Rollins* and *Mr. George H. Wright* were on the briefs, for plaintiffs in error:

The Laws of North Carolina (Laws 1907, c. 302; 1913, c. 94; 1907, c. 74; Pell's Revisal, 1908, § 1573) as construed by the Supreme Court of the State authorize the defendant in error to take private property for a private use in violation of the Fourteenth Amendment. This defense was set up in the answer and is necessarily involved in the decision of the Supreme Court of the State.

Necessity to condemn the property for the operation of the railroad was not alleged. Proof without allegation is ineffective. *McKee* v. *Lineberger*, 69 N. Car. 217, 239; *Abernathy* v. *Seagle*, 98 N. Car. 553, 556. Condemnation is not allowed if not necessary. Curtis on the Laws of Electricity, § 81; *State* v. *White River Power Co.*, 39 Washington, 648. The testimony refutes the idea that so much water power was needed for the railroad; the real object shown is to develop a large water power, to supply electric current for the private uses of the mills and properties owned by the stockholders of the defendant in error, and in which they are interested. Condemnation is not sought solely for public purposes. There is neither allegation, proof nor finding that the electric current is to be sold, generally, for public uses, and the case therefore does not come, as we insist, under the ruling of this court in the case of *Mt. Vernon-Woodberry Cotton Co.* v. *Alabama Power Co.*, 240 U. S. 30. Where the charter of a corporation authorizes it to exercise the power of eminent domain for both public and private purposes, the power of eminent domain cannot be exercised for the private purpose, but it may be exercised for the public purpose. *Kaukauna Co.* v. *Green Bay &c. Canal Company*, 142 U. S. 254; *Walker* v. *Shasta Power Co.*, 160 Fed. Rep. 856.

Where both private purposes and public uses are contemplated in the articles of incorporation, the question whether the right to condemn is to be denied or allowed is not tested solely by the objects and purposes set forth in the articles of incorporation, but may be governed by

evidence *aliunde* showing the actual purpose in view. *Lake Koen Nav. R. & I. Co.* v. *Klein,* 63 Kansas, 484; *Cole* v. *County Commissioners,* 78 Maine, 532; *Brown* v. *Gerald,* 100 Maine, 351; *Fallsberg Power & Mfg. Co.* v. *Alexander,* 101 Virginia, 98; *Berien Springs Water Power Co.* v. *Berien Circuit Judge,* 133 Michigan, 48; *Attorney General* v. *Eauclaire,* 37 Wisconsin, 400; *State ex rel. Harris* v. *Superior Court,* 42 Washington, 660; *Matter of Niagara Falls and Whirlpool Ry. Co.,* 108 N. Y. 375.

If a private use is combined with a public one in such a way that the two cannot or are not sought to be separated, then unquestionably the right of eminent domain could not be invoked to aid in the enterprise [citing many cases].

If it appear that the real purpose of the corporation is to acquire lands and streams needful, and to be used in carrying out a private enterprise, though a public use may be served, then the taking cannot be permitted. *Thom* v. *Georgia Mfg. & Public Service Co.,* 128 Georgia, 187; *Lorenz* v. *Jacob,* 63 California, 73; *In re Eureka Basin Warehouse & Mfg. Co.,* 96 N. Y. 42; *Lake Koen Nav. R. & I. Co.* v. *Klein,* 63 Kansas, 484.

The judgment of the state court on the question of public use should not be accepted in this case. We insist that the power to condemn cannot be exercised for the private purposes mentioned in the certificate of incorporation of the defendant in error, and in the petition for condemnation in this case, and that there is no separation of such purposes in this case. *State* v. *White River Power Co.,* 39 Washington, 648; *Varner* v. *Martin,* 21 W. Va. 548; *Board of Health* v. *Van Hoesen,* 87 Michigan, 533; *Gilmer* v. *Lime Point,* 18 California, 229.

As in *State* v. *White River Power Co., supra,* so here, there is nothing to show that there is any present demand for 50,000 horse-power; the defendant in error has acquired no franchise to operate a street railway in any town; not one inch of the proposed line of railway has been sur-

veyed, staked out or located; it is under no obligation to furnish electricity to any person, or for any purpose, and for all that appears, it may take the property of the plaintiffs in error, generate electricity and do absolutely as it pleases with the power thus created. It is obvious that what is a public use frequently and largely depends upon the facts and circumstances surrounding the particular subject-matter in regard to which the character of the use is questioned. This court cannot be bound by the decisions of state courts on what constitutes public use. *Fallbrook Irrigation District* v. *Bradley*, 164 U. S. 159.

*Mr. Charles W. Tillett*, with whom *Mr. Horace L. Bomar*, *Mr. William A. Smith*, *Mr. James E. Shipman* and *Mr. Thomas C. Guthrie* were on the briefs, for defendant in error:

The fact that the Chief Justice certifies that federal questions are involved will not control, when the opinion of the court shows that no such question was involved. *Biddle* v. *Bellingham Co.*, 163 U. S. 63.

Whether the water right was available to the respondent for water power, and whether it was subject to condemnation, are purely questions of state law and not reviewable here. *Rundle* v. *Delaware & Raritan Canal Co.*, 14 How. 79; *St. Louis* v. *Rutz*, 138 U. S. 226; *St. Anthony Falls Waterpower Co.* v. *Water Commissioners*, 168 U. S. 349.

It was distinctly found, without objection or exception, that the Blue Ridge Company proposed to carry on a business of a public nature, and by turning to the original petition it will be found that this was the construction and operation of an interurban railway, and also the selling of electricity. It is difficult to see how it could be more clearly or conclusively shown that the purposes for which the power of eminent domain was invoked were public purposes and not private.

In North Carolina it is expressly held that a corporation may condemn for the public purposes of its charter, and if it applies the property to private uses the remedy is by *quo warranto.* *Wadsworth Land Co.* v. *Piedmont Traction Co.*, 162 N. Car. 314. See also *Walker* v. *Shasta Power Co.*, 160 Fed. Rep. 856; *Lake Koen Nav. R. & I. Co.* v. *Klein*, 63 Kansas, 484; *Cole* v. *County Commissioners*, 78 Maine, 532; *Brown* v. *Gerald*, 100 Maine, 351.

*State ex rel. Harris* v. *Superior Court*, 42 Washington, 660, in holding that sale of electricity is not a public business is overruled by *Mt. Vernon-Woodberry Cotton Duck Co.* v. *Alabama Power Co.*, 240 U. S. 30.

In not a single instance has this court ever overruled or reversed the decision of a state court where any such court has held that a certain purpose was a public purpose, in the carrying out of which a corporation had the right to exercise the power of eminent domain. *Hairston* v. *Danville & Western R. R. Co.*, 208 U. S. 598. For a clear statement of the elements of public use see *Talbot* v. *Hudson*, 16 Gray, 417.

The regulation of the use of non-navigable streams is for the States. *United States* v. *Rio Grande Dam & Irrigation Co.*, 174 U. S. 690; *Clark* v. *Nash*, 198 U. S. 361; *Fallbrook Irrigation District* v. *Bradley*, 164 U. S. 112, 159; *Head* v. *Amoskeag Co.*, 113 U. S. 9.

Where this stream flows the waters can only be used for power purposes, and to deny the right would block the development of that part of the State. The local conditions are to be considered in passing on the reasonableness and validity of the law allowing condemnation. *Strickley* v. *Highland Boy Gold Mining Co.*, 200 U. S. 527; *Wurts* v. *Hoagland*, 114 U. S. 229; *O'Neill* v. *Leamer*, 239 U. S. 244.

The mere fact that the use may be in part private does not prevent condemnation. *Hairston* v. *Danville & Western R. R. Co.*, *supra.*

Mr. Justice Holmes delivered the opinion of the court.

This is a special proceeding to condemn the water rights incident to land belonging to the plaintiffs in error upon a bow of Green River. It has resulted in a judgment of condemnation subject to the payment of $10,000. The petitioner, the defendant in error, owns land on the side of the stream opposite to that of the plaintiffs in error, the respondents, and on both sides of the stream above and below that land. It proposes to cut off the bow by a dam above, and a steel flume that reënters the river below, that land, all upon its own ground. The respondents in their answer set up that the condemnation in this manner and for the purpose alleged would be the taking of private property without due process of law in violation of the Fourteenth Amendment, and we assume that the record discloses a technical right to come to this court. *Minneapolis & St. Louis R. R. Co.* v. *Minnesota*, 193 U. S. 53, 62. *American Sugar Refining Co.* v. *Louisiana*, 179 U. S. 89, 91. The decision of the Supreme Court in sustaining the condemnation discusses only matters of state law, but the Chief Justice, dissenting, intimated that the taking infringed the Constitution of the United States. 171 N. Car. 314.

The defendant in error, the Blue Ridge Interurban Railway Company, seems to have been incorporated with power to build and operate a street and interurban railway from Hendersonville through Saluda to a point on Green River, and to extend its lines to any other points not exceeding fifty miles from Saluda; also with power to maintain a water power plant on Green River for the purpose of generating electricity to be used in operating the railway; and with all other powers granted by the laws of the State to corporations of that character, including all rights of condemnation and the right to sell and dispose of the surplus electric power generated at its plant. It

has also a somewhat general authority to construct buildings and factories, operate machinery, &c., but limited, as we understand it, to acts expedient for the proper prosecution of the objects for which the corporation was created.

This taking, according to the findings before us, was with intent in good faith to carry on the public business authorized by the charter—that is to build and operate a street and interurban railway between points named. It is found further that it was necessary to generate electric power on Green River in order to operate the railway; that the present proceeding was for a public use, and that in order fully to develop the Blue Ridge Company's water power on Green River for the above-mentioned purposes, it was necessary to condemn the rights in question. Subject to provisos that were held to have been satisfied and that are not in question here, a statute of 1907 as amended in 1913 authorized street and interurban railways situated as the petitioner was to condemn water power. The objection that is urged against this statute and the charter as applied in the present case is that taking the whole water power is unnecessary for the purposes of the railway, that the plan is a covert device for selling the greater part of the power to mills, that this last is a private use, and that the two objects being so intermingled the taking must fall.

We are asked to go behind the finding that the taking was for a public use, on the ground that the charter authorizes the sale of surplus power, that the contemplated works will produce fifty thousand horse-power and that this, according to the evidence, is much more than will be needed for the railway. But the surplus is a matter of estimate and no reason is shown for our not accepting the findings below. We are in no way warranted in assuming that the sale of surplus power, if there is any, is the real object of the enterprise, or anything more than a

possible incident, necessary to prevent waste, of the primary public use. Furthermore if there are likely to be such sales, nothing appears sufficient to take the case out of the scope of a recent decision of this court. *Mt. Vernon-Woodberry Cotton Duck Co.* v. *Alabama Interstate Power Co.*, 240 U. S. 30, 32.

*Judgment affirmed.*