# HIAWASSEE RIVER POWER COMPANY *v.* CAROLINA-TENNESSEE POWER COMPANY.

## ERROR TO THE SUPREME COURT OF THE STATE OF NORTH CAROLINA.

No. 208. Argued January 30, 1920.—Decided March 22, 1920.

The question whether a special act of a state legislature chartering a power company contravenes the equal protection and privileges and immunities clauses of the Fourteenth Amendment because it grants powers of eminent domain not conferred on a rival company organized under a general law, is not necessarily decided by a ruling of a state trial court, in a suit by the former company against the latter to quiet title, admitting the special charter in evidence over defendant's objection that it is void under the state bill of rights and constitution and violates the Fourteenth Amendment; nor is such question raised in the state Supreme Court by an assignment alleging merely that the trial court erred in admitting such evidence, and not mentioning the Amendment. P. 342.

A constitutional question not presented by assignment of errors or otherwise, or passed upon, in the state Supreme Court, does not afford jurisdiction under Jud. Code, § 237; an attempt to raise it by the petition for a writ of error from this court and the assignment filed here, is too late, and allowance of the writ by the chief justice of the state court does not cure the omission. P. 343.

Writ of error to review 175 N. Car. 668, dismissed.

THE case is stated in the opinion.

*Mr. Eugene R. Black,* with whom *Mr. Sanders McDaniel, Mr. J. N. Moody, Mr. Felix Alley* and *Mr. Zebulon Weaver* were on the briefs, for plaintiff in error.

*Mr. Julius C. Martin,* with whom *Mr. Thos. S. Rollins* and *Mr. Geo. H. Wright* were on the brief, for defendant in error.

Mr. Justice Brandeis delivered the opinion of the court.

The Carolina-Tennessee Power Company, a public utility, was incorporated by a private law of North Carolina with broad powers, including that of taking by eminent domain riparian lands of and water rights in any non-navigable stream of the State. It filed locations for two hydro-electric plants on the Hiawassee River and proceeded to acquire by purchase and by condemnation the lands and water rights necessary for that development. Thereafter the Hiawassee River Power Company was organized under the general laws of the State and threatened to locate and develop on that river hydro-electric plants which would necessarily interfere with the development undertaken by the Carolina-Tennessee Company. The latter brought in the Superior Court of Cherokee County a suit in the nature of a bill to quiet title. The case was tried in that court with the aid of a jury. Many issues of fact were raised and many questions of state law presented. A decree entered for the plaintiff below was reversed by the Supreme Court of the State and a new trial was ordered (171 N. Car. 248). The second trial resulted also in a decree for plaintiff below which was affirmed by the state Supreme Court (175 N. Car. 668). The case comes here on writ of error.

The federal question relied upon as giving jurisdiction to this court is denial of the claim that the private law incorporating the Carolina-Tennessee Company is invalid, because it conferred upon that company broad powers of eminent domain, whereas the general law, under which the Hiawassee Company was later organized, conferred no such right; the contention being that thereby the guaranty of the Fourteenth Amendment of privileges and immunities and equal protection of the laws had been violated. But this claim was not presented to nor passed upon by the

Supreme Court of the State.  The only basis for the contention that it was so presented is the fact, that, when the Carolina-Tennessee Company offered in evidence at the trial in the Superior Court the private law as its charter, objection was made to its admission "on the ground that the same was in terms and effect a monopoly and a void exercise of power by the State Legislature which undertook to provide it, it being opposed and obnoxious to the bill of rights and the Constitution and in violation of the Fourteenth Amendment;" and that the admission of this evidence is among the many errors assigned in the Supreme Court of the State.  The law, whether valid or invalid, was clearly admissible in evidence, as it was the foundation of the equity asserted in the bill.  No right under the Federal Constitution was necessarily involved in that ruling.  The reference to the "bill of rights and the Constitution" made when objecting to the admissibility of the evidence was to the state constitution and the point was not again called to the attention of that court.  Compare *Hulbert* v. *Chicago*, 202 U. S. 275, 279, 280.  The claim of invalidity under the state constitution was specifically urged in that court as a reason why the Carolina-Tennessee Company should be denied relief and the claim was passed upon adversely to the plaintiff in error; but no reference was made in that connection to the Fourteenth Amendment.

If a general statement that the ruling of the state court was against the Fourteenth Amendment were a sufficient specification of the claim of a right under the Constitution to give this court jurisdiction (see *Clarke* v. *McDade*, 165 U. S. 168, 172; *Capital City Dairy Co.* v. *Ohio*, 183 U. S. 238, 248; *Marvin* v. *Trout*, 199 U. S. 212, 217, 224), still the basis for a review by this court is wholly lacking here. For the Fourteenth Amendment was mentioned only in the trial court.  In the Supreme Court of the State no mention was made of it in the assignment of errors; nor was it, so far as appears by the record, otherwise presented to or

passed upon by that court. The denial of the claim was specifically set forth in the petition for the writ of error to this court and in the assignment of errors filed here. But obviously that was too late. *Chicago, Indianapolis & Louisville Ry. Co.* v. *McGuire,* 196 U. S. 128, 132. The omission to set it up properly in the Supreme Court of the State was not cured by the allowance of the writ of error by its Chief Justice. *Appleby* v. *Buffalo,* 221 U. S. 524, 529; *Hulbert* v. *Chicago,* 202 U. S. 275, 280; *Marvin* v. *Trout,* 199 U. S. 212, 223.

We have no occasion, therefore, to consider whether the claim of denial of rights under the Fourteenth Amendment was of the substantial character which is required to support a writ of error. *Equitable Life Assurance Society* v. *Brown,* 187 U. S. 308, 311. Compare *Henderson Light & Power Co.* v. *Blue Ridge Interurban Ry. Co.,* 243 U. S. 563.

*Dismissed for want of jurisdiction.*