(102 So. 899)

## HARVEY v. WARREN. (3 Div. 699.)

(Supreme Court of Alabama. Jan. 22, 1925.)

1. **Constitutional law** ⬅⟿227, 280—**Eminent domain** ⬅⟿19—**Act authorizing condemning land for road held not invalid as violating Fourteenth Amendment.**

Gen. Acts 1919, p. 982, relating to condemning land for road, authorized by Const. 1901, § 23, does not violate Const. U. S. art. 14, § 1.

2. **Eminent domain** ⬅⟿19—**In ascertaining convenient route over land intervening between other land and public road, physical convenience of both landowners to be considered.**

In proceedings under Gen. Acts 1919, p. 982, to condemn "a convenient right of way" over land intervening between other land and public road, nearest or most convenient thereto, physical convenience of both landowners will be considered, although condemnor has initial selection or election of general route desired.

3. **Eminent domain** ⬅⟿13 — **Land condemned must be taken for public use.**

Under Const. 1901, § 23, Const. U. S. art. 14, § 1, use to which land sought to be condemned must be subjected must be recognized public use.

4. **Eminent domain** ⬅⟿201—**Exclusion of testimony as to existence of public road leading from or running by lands at time of purchase error.**

In proceedings to condemn road under Gen. Acts 1919, p. 982, refusal to allow petitioner to be asked whether at time of her purchase of land there was public road leading therefrom or thereby was not error.

5. **Eminent domain** ⬅⟿201—**Refusal to allow petitioner seeking to condemn land for road to be asked as to hostility toward defendant not error.**

In proceedings to condemn land for road, under Gen. Acts 1919, p. 982, refusal to allow petitioner to be asked whether she had been unfriendly or sought to injure defendant and her property was not error.

6. **Eminent domain** ⬅⟿198(1)—**Instruction, if confusing, should have been elucidated, if defendant desired.**

In condemnation proceedings under Gen. Acts 1919, p. 982, instruction that, if preponderance of evidence showed road described in application was convenient right of way from land of plaintiff over defendant's land to public road or public highway, to find for plaintiff, etc., if confusing as to meaning of words "convenient right of way," should have been elucidated by written instruction, if defendant desired.

7. **Eminent domain** ⬅⟿198(2)—**Triers of fact held entitled to consider physical facts of both properties as to proper location of way and damages resulting therefrom.**

In proceedings to condemn land for road under Gen. Acts 1919, p. 982, triers of facts were entitled to consider physical facts of both

properties as to proper location of right of way and damages resulting to defendant.

**8. Eminent domain ⊂⊃198(2)—Convenience of proposed route held for jury.**

In proceedings to condemn land for road under Gen. Acts 1919, p. 982, evidence as to whether proposed route was most convenient way *held* to present facts for jury.

**9. Eminent domain ⊂⊃19—Road condemned at suit of landowner is for use of public.**

In proceedings to condemn land for road under Gen. Acts 1919, p. 982, land condemned is for use by public.

**10. Eminent domain ⊂⊃19—Not essential that entire community or large portion thereof should use road to constitute public use.**

It is not essential that entire community or large portion thereof should be interested in having road open to constitute public use.

**11. New trial ⊂⊃140(3)—Evidence held not sufficient to authorize setting aside judgment because of quotient verdict.**

In proceedings to condemn land for road under Gen. Acts 1919, p. 982, evidence on motion for new trial *held* not sufficient to' authorize setting judgment aside because of quotient verdict.

Appeal from Circuit Court, Montgomery County; Leon McCord, Judge.

Petition by Mera Warren against Ellie W. Harvey to condemn a right of way. From a judgment for plaintiff, defendant appeals. Affirmed.

Charge 2, given for plaintiff, is as follows:

"(2) The court charges the jury that, if you believe from all the evidence in this case that a preponderance of the evidence shows that the road described in plaintiff's application is a convenient right of way for the plaintiff from her land over the defendant's land to a public road or public highway, then you should find your verdict for the plaintiff and assess such damages as will reasonably compensate the defendant for the damages sustained by her."

Defendant filed a motion for a new trial upon the ground, among others, that the jury had rendered a quotient verdict. Defendant's evidence on the motion tended to show that ballots were passed among the jurors upon which each juror set down his estimate of the damages; that these ballots were added together and divided by 12, and the sums obtained agreed upon by the jury as the verdict. Evidence offered by plaintiff on the motion tended to show that the amount of the verdict was not arrived at in this manner; that a ballot was taken, and a sum arrived at, but that the sum so obtained did not meet the approval of a majority of the jury, and the ballots were disregarded.

Hill, Hill, Whiting, Thomas & Rives, of Montgomery, for appellant.

Acts 1919, p. 982, is in violation of the Fourteenth Amendment to the Constitution of the United States. 10 R. C. L. 16; Fallbrook Ir. Dist. v. Bradley, 164 U. S. 112, 17 S. Ct. 56, 41 L. Ed. 369; Mo. Pac. v. Nebraska, 164 U. S. 403, 17 S. Ct. 130, 41 L. Ed. 489; 20 C. J. 561; Rindge Co. v. Los Angeles County, 262 U. S. 700, 43 S. Ct. 689, 67 L. Ed. 1186; Matter of Tuthill, 163 N. Y. 133, 57 N. E. 303, 49 L. R. A. 781, 79 Am. St. Rep. 574. A quotient verdict should be set aside. L. & N. v. Bishop, 17 Ala. App. 320, 85 So. 859.

L. A. Sanderson and Thos. B. Hill, Jr., both of Montgomery, for appellee.

The act is not violative of the Constitution. There was no quotient verdict. B. R., L. & P. v. Moore, 148 Ala. 115, 42 So. 1024.

THOMAS, J. This appeal is from a judgment of the circuit court in condemnation of a right of way sought under the Act of September 30, 1919 (Gen. Acts, p. 982); the initial proceeding was had in the probate court pursuant to provisions contained in article 1, c. 79, Code of 1907, § 3860 et seq. Appeal was taken from the award in the probate court to the circuit court, where the amount of the damage was substantially reduced by the verdict of the jury. Code 1907, § 3875; Stollenwerck v. Elmore County, 210 Ala. 489, 98 So. 466; M. & B. R. R. Co. v. L. & N. R. R. Co., 192 Ala. 136, 68 So. 905; Const. § 235.

[1] The sufficiency of the petition was challenged on the ground, among others, that the foregoing act was violative of section 1 of article 14 of the Constitution of the United States. The overruling of demurrers is assigned as error. The provision is contained in the Constitution of this state that the Legislature may by law secure to persons or corporations the right of way over the lands of other persons or corporations, and by general laws provide and regulate the exercise by persons and corporations of the rights reserved, etc. Section 23. Such a statute has been upheld in this court. Steele v. Commissioners' Court, 83 Ala. 304, 3 So. 761; Sloss-Sheffield S. & I. Co. v. O'Rear, 200 Ala. 291, 76 So. 57; Alabama, etc., Co. v. Mt. Vernon, etc., Co., 186 Ala. 622, 65 So. 287.

In Mt. Vernon, etc., Co. v. Alabama, etc., Co., 240 U. S. 30, 36 S. Ct. 234, 60 L. Ed. 507, the Supreme Court of the United States said, of the argument made against the Alabama statute and the purposes of condemnation thereunder, that—

"In the organic relations of modern society it may sometimes be hard to draw the line that is supposed to limit the authority of the Legislature to exercise or delegate the power of eminent domain. But to gather the streams from waste and to draw from them energy, labor without brains, and so to save mankind

from toil that it can be spared, is to supply what, next to intellect, is the very foundation of all our achievements and all our welfare. If that purpose is not public we should be at a loss to say what is. The inadequacy of use by the general public as a universal test is established."

Under this definition, the provisions of the act of September 30, 1919, are not offensive to the Fourteenth Amendment to the Constitution of the United States. See Strickley v. Highland Boy Gold Min. Co., 200 U. S. 527, 26 S. Ct. 301, 50 L. Ed. 581, 583, 4 Ann. Cas. 1174; Clark v. Nash, 198 U. S. 361, 25 S. Ct. 676, 49 L. Ed. 1085, 4 Ann. Cas. 1171; Rindge Co. v. Los Angeles County, 262 U. S. 700, 43 S. Ct. 689, 67 L. Ed. 1186.

[2] The respective insistences of the parties hereto made in the court below present for construction the meaning of the expressions of the statute, *"a convenient right of way"* over the lands intervening between such body of land and the public road nearest or most *convenient thereto.* (Italics supplied.) Has the condemnor the absolute right of selection of the right of way that "is desired," or is the convenience of both owners to be considered under the physical facts entering therein, when granting or refusing condemnation? We have indicated that the word "convenient" appears in the statute in referring to the right of way sought to be condemned and to the public road to which access is desired.

The several ways of charging, subjecting, or dedicating lands to use as a public highway need not now be repeated. Williams v. Oates (Ala. Sup.) 102 So. 712;[1] City of Birmingham v. Graham, 202 Ala. 202, 79 So. 574; City of Mobile v. Chapman, 202 Ala. 194, 79 So. 566; Locklin v. Tucker, 208 Ala. 155, 93 So. 896; Gulf States, etc., Co. v. Beveridge, 209 Ala. 473, 96 So. 587; Hill v. Houk, 155 Ala. 448, 46 So. 562; McDade v State, 95 Ala. 28, 11 So. 375; Card v. Cunningham, 199 Ala. 222, 74 So. 335; Manning v. House, 211 Ala. 570, 100 So. 772.

[3] It has been noted that to come within the provisions of the Constitutions (state and federal) having application to the taking of private property by paying to the owner just compensation (Ala. Const. § 23; 14th Amend. to Const. of U. S.), the use to which it is to be subjected must be a recognized "public use" (Mt. Vernon, etc., Co. v. Alabama, etc., Co., 240 U. S. 30, 36 S. Ct. 234, 60 L. Ed. 507); that (of the right of way in question) the condemnor has the initial selection or election of the general route that "is desired" to the public road nearest or most convenient thereto, the granting or the denial of his petition then depending upon the physical facts showing or denying that the selection made by petitioner is that provided for by statute as the convenient right of way to the public

road nearest or most convenient thereto. In this ascertainment, the physical "convenience" of both landowners will be considered, to which we will later advert.

We do not understand that under the conflicting tendencies of evidence the verdict was contrary to defendant's given charge No. 1; nor do we find application for the rule of Talley v. Whitlock, 199 Ala. 36, 73 So. 976; or Standard Oil Co. v. Humphries, 205 Ala. 529, 88 So. 855, denying to juries the right to disregard peremptory instructions given by the court.

[4, 5] Within these proper issues to be tried, it follows there was no error in refusing to allow petitioner to be asked whether or not at the time of her purchase of her lands there was a public road leading therefrom or thereby, or whether petitioner had been unfriendly or sought to injure defendant and her property. We find no erroneous rulings on evidence.

[6] Plaintiff's written charge No. 2, if confusing as to the meaning of the words "convenient right of way," should have been elucidated by written instruction, if defendant so desired.

[7, 8] The triers of the facts had the right to consider all of the physical facts of both properties as to the proper location of the right of way and the damages resulting to defendant by reason thereof. Under the tendencies of the evidence jury questions were presented. McMillan v. Aiken, 205 Ala. 35, 40, 88 So. 135. The facts of the relative physical conveniences of the parties and their lands were submitted to the triors of the facts in the assessment of just compensation to be paid.

Mr. Harvey testified:

"As it stands, this road that Mrs. Warren proposes is not the most convenient way for her out to the public road. It is the nearest, but I doubt if it would be the most convenient road. From his house it would be about a quarter of a mile further around by the edge of Mrs. Harvey's land—a little over a quarter— but from the east point of her land it would not be any further. * * * The Love Ferguson road is not a public road. Love Ferguson was a negro that rented some land from Mr. Charlie Wescott."

The witness further detailed, on recross-examination, the facts bearing on damages and the inconvenience in locating the proposed right of way.

[9, 10] The announcement of the court to defendant's counsel that, if the road sought was condemned, it "would be a public road for everybody" who desired to use it as such was a correct statement of the facts of such condemnation. It is not essential that the entire community, or a large portion thereof, should be interested in having the road opened to constitute a public use within the law of eminent domain. This question is determined or influenced by the local con-

---

[1] Ante, p. 396.

ditions, and the road is for all those who "can or may use it" in the lawful manner for which it is established. Rindge Co. v. Los Angeles County, 262 U. S. 700, 43 S. Ct. 689, 67 L. Ed. 1186; Fallbrook Dist. v. Bradley, 164 U. S. 121, 17 S. Ct. 56, 41 L. Ed. 369.

[11] The evidence on the motion for a new trial (Leith v. State, 206 Ala. 439, 90 So. 687; McCormick v. Badham, 204 Ala. 2, 85 So. 401) was not sufficient to authorize the judgment to be set aside by reason of a quotient verdict. B. R., L. & P. Co. v. Moore, 148 Ala. 115, 42 So. 1024; International Agr. Corp. v. Abercrombie, 184 Ala. 244, 63 So. 549, 49 L. R. A. (N. S.) 415; Alabama City, G. & A. Ry. Co. v. Lee, 200 Ala. 550, 76 So. 908; Leith v. State, supra; L. & N. R. Co. v. Bishop, 17 Ala. App. 320, 85 So. 859.

The judgment of the circuit court is affirmed.

Affirmed.

ANDERSON, C. J., and GARDNER and MILLER, JJ., concur.

